# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEOFFREY DONALD SPEARS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV147 SNLJ |
| | ) | |
| TOMMY GREENWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, after careful reviewing the allegations, the Court finds that this action fails to state a claim upon which relief can be granted.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### The Complaint

Plaintiff alleges that defendants Eddie Hollaway and Justin Brown arrested him on June 12, 2014, on suspicion of receiving stolen property in violation of Mo. Rev. Stat. § 570.080. Hollaway had received a call from Jamie Vaughn at Pemiscot-Dunklin Electric Cooperative ("PDEC") about stolen copper wire. According to Hollaway's probable cause statement, Vaughn had called Wilson's Recycling ("Wilson's"), which is located in Dunklin County, and

the owner of Wilson's said that plaintiff was attempting to sell copper wire there. Holloway and Brown went to Wilson's and arrested plaintiff.

Holloway searched plaintiff's car and cell phone without a warrant or plaintiff's consent. Afterwards, Holloway and Brown took plaintiff to the Pemiscot County Justice Center (the "Justice Center"). Plaintiff believes this act was illegal because he was arrested in Dunklin County.

Defendants William Carter and Dustin Mayer, who are prosecutors for Pemiscot County, filed charges in the Pemiscot County court against plaintiff. Plaintiff was arraigned there and the case lasted until September 2, 2014, when a hearing was held and the charges against him were dismissed without prejudice. Carter wrote a letter to Jonce Chidister, a prosecutor for Dunklin County, and recommended that she file charges against plaintiff there. Plaintiff says that Carter slandered him in the letter. Plaintiff believes that the Pemiscot County court did not have jurisdiction over him because he was arrested in Dunklin County.

Plaintiff was detained at the Justice Center for eighty-two days. He believes he was illegally detained because Pemiscot County had no jurisdiction over his person.

Plaintiff says that the case was refiled in Dunklin County, and he believes that his right to be free from double jeopardy was violated as a result.

Plaintiff complains that his public defenders, defendants Brandon Sanchez and Stacey Brake, failed in their duties to him by allowing the Pemiscot County to be dismissed without prejudice, despite his not being present at the hearing.

Plaintiff claims that all of his personal property was lost by Justice Center officials.

Plaintiff sues Tommy Greenwell, the Sheriff of Pemiscot County, under the theory of *respondeat superior*.

## Discussion

Plaintiff's claim that Holloway violated his rights under the Fourth Amendment by searching his cell phone and truck without a warrant survives review under § 1915(e). Therefore, the Court will direct the Clerk to serve Holloway with process.

Plaintiff's claim that he was illegally transported to Pemiscot County and that Pemiscot County had no jurisdiction to hold him or try him fails to state a claim upon which relief can be granted. Pemiscot County may have been the wrong venue, but it had jurisdiction to try the criminal action. The Missouri courts have jurisdiction to hear cases where the alleged crime occurred in the state. *See Missouri v. Taylor*, 238 S.W.3d 145, 149 (Mo. banc 2007). "Venue determines, among many courts with jurisdiction, the appropriate forum for the trial." *Id.* "If a criminal defendant believes venue is incorrect, the defendant must object. If the defendant does not object, the case can be tried even though venue would otherwise be incorrect. Incorrect venue does not affect a trial court's power to render judgment. By contrast, a lack of jurisdiction means that a court has no power to hear a case." *Id*.

Similarly, plaintiff's double jeopardy claim fails as a matter of law. Under Mo. Rev. Stat. § 56.087 "double jeopardy attaches in a jury trial when the jury has been impaneled and sworn. It attaches in a court-tried case when the court begins to hear evidence." *See United States v. Brown*, 481 F.2d 1035, 1040 (8th Cir. 1973) (holding same).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's claim against

defendant Greenwell does not state a viable claim because he was not directly responsible for any of the alleged harms.

The complaint is legally frivolous as to defendants Carter and Mayer because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

And the complaint fails to state a claim against defendants Brake and Sanchez because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant Eddie Hollaway.

**IT IS FURTHER ORDERED** that defendants Tommy Greenwell, Justin Brown, William Carter, Dustin Mayer, Brandon Sanchez, and Stacey Brake are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 24th day of August, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE